UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM PRINTY,

    Plaintiff,

                                                                                 Case No. 09-14845
v.                                                           Hon. Lawrence P. Zatkoff

JP MORGAN CHASE BANK, N.A.,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 23, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(c) [dkt 11]. Plaintiff responded to the motion, and Defendant replied to Plaintiff's response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

**II. BACKGROUND**

Plaintiff applied for and received two refinance loans (the "Loans") from Washington Mutual Bank ("WaMu"). In his loan application, Plaintiff stated that he sold automobiles at Payless Used

Cars for the prior three and a half years, and earned a gross monthly income of $12,535.00. Based on the information in the loan application, Plaintiff was able to obtain a $170,000.00 loan (the "First Loan") and a $37,876.00 loan (the "Second Loan") from WaMu.

On January 19, 2007, at the closing, Plaintiff executed an adjustable rate note ("ARM"), under which WaMu loaned $170,000 to Plaintiff in exchange for Plaintiff's promise to repay the loan and execute a mortgage (the "Senior Mortgage") on property located at 2855 Chadwick Drive, Waterford, Michigan (the "Property"). During the closing, Plaintiff also signed a Truth In Lending Disclosure ("TILA Disclosure") and a Notice of Right to Cancel.[1]

With respect to the Second Loan, which was closed on the same day as the First Loan, Plaintiff executed a fixed rate note, under which WaMu loaned $37,987 to Plaintiff in exchange for Plaintiff's promise to repay the loan and execute a second mortgage (the "Junior Mortgage"), which placed a lien subordinate to the Senior Mortgage on the Property. The Senior and Junior Mortgage, dated January 19, 2007, were recorded at the Oakland County Register of Deeds. Further, Plaintiff also signed a HUD Settlement Statement[2] as part of the transaction. Plaintiff is now in default on the Loans, but Defendant has not held a foreclosure sale on the Property.

On November 16, 2009, Plaintiff filed his Complaint in the Oakland County Circuit Court. Plaintiff's two-count Complaint seeks to quiet title to the Property and alleges violations of the

---

[1] The Notice of Right to Cancel informs the buyer that they are entering into a transaction that will result in a mortgage on his or her property. It notifies the buyer that, under federal law, he or she may cancel the transaction that placed a mortgage on his or her property until midnight of the third business day after: (1) the closing date, (2) the receipt of the TILA disclosure, or (3) the receipt of the Notice of Right to Cancel.

[2] This document is a closing statement that describes the costs of a real estate transaction, such as the escrow deposits, real estate salesperson commissions, loan fees, points and mortgage insurance.

Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"), *et seq*. and the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), *et seq*. In addition to seeking damages, Plaintiff also requests that the Court set aside the mortgages that convey an interest in the Property to Defendant. On December 14, 2009, Defendant removed Plaintiff's action from the Oakland County Circuit Court.[3] Defendant filed the instant motion to dismiss, contending that: (a) Defendant is not the proper party; (b) Plaintiff fails to state a claim for Quiet Title; (c) Count II is time-barred and fails to state a claim under HOEPA and TILA; and (d) the Complaint should be dismissed due to Plaintiff's own fraud in obtaining the loans.

### III. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Court's review under Fed. R. Civ. P. 12(c) is the same as the review under Fed. R. Civ. P. 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008). Under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, the plaintiff

---

[3] Although Defendant's Notice of Removal cover sheet indicates that this action was removed from Wayne County Circuit Court, the Court presumes that this was a drafting error on behalf of Defendant, as Plaintiff's pleadings attached to Defendant's Notice of Removal express that the Summons and Complaint were filed in Oakland County Circuit Court. Further, Plaintiff indicates that a page was omitted from the pleadings attached to Defendant's Notice of Removal, which Plaintiff argues is fatal to the instant motion. Defendant's counsel's errors with respect to its Notice of Removal have not gone unnoticed by this Court. Such errors, although appearing minor in this instance, are unacceptable.

must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

As a preliminary matter, Plaintiff argues that the Court may not rule on Defendant's motion because Defendant failed to attach Plaintiff's entire Complaint to its Notice of Removal. The Court, however, will address Defendant's Motion because, after review of this single-omitted page, Plaintiff has suffered no prejudice from Defendant's failure, and the entire Complaint is now attached to Defendant's reply brief.[4]

---

[4] In addition to the Complaint, the parties' Motion and briefs, and the Purchase and Assumption Agreement, the Court also reviewed the following documents attached to Defendant's Motion and brief: the Loan Application, the ARM, the Senior and Junior Mortgages, the TILA Disclosure, the Notice of Right to Cancel, the Fixed Rate Note, and the HUD Settlement Statement. The Court finds that these documents are central to Plaintiff's claims, and as such, the Court will decide this Motion pursuant to Rule 12(b)(6). *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") (citation omitted); *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001) ("A district court may consider public records in deciding a motion to dismiss without converting the motion to one for summary judgment.").

**A. IS DEFENDANT THE PROPER DEFENDANT?**

Defendant contends that it is not subject to any liability for WaMu's actions occurring before Defendant purchased some of WaMu's loans from the Federal Deposit Insurance Corporation ("FDIC"). Defendant purchased such assets from the FDIC because WaMu was closed by the Office of Thrift Supervision on September 25, 2008, and the FDIC was appointed as receiver. Pursuant to a Purchase and Assumption Agreement (the "Agreement"), the FDIC sold certain loans of WaMu to Defendant. Section 2.5 of the Agreement between the FDIC and Defendant provides, in relevant part:

> *[A]ny liability* associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, ... related in any way to any loan or commitment *to lend made by the Failed Bank* [WaMu] prior to failure, . . . or otherwise *arising in connection* with the Failed Bank's lending or loan purchase activities are *specifically not assumed* by the Assuming Bank [Defendant].

FDIC, *Purchase and Assumption Agreement*, (Sept. 25, 2008), http://www.fdic.gov/about/freedom/washington_mutual_p_and_a.pdf (emphasis added).

Courts interpreting the same language of the Agreement between Defendant and the FDIC have held that Defendant disclaimed any liability arising from a borrower's claims involving a failed bank and "leaves the FDIC as the responsible party with respect to those claims." *Harajli v. Washington Mut. Bank*, No. 09-14598, 2010 WL 2813281 at *3 (E.D. Mich. July 16, 2010); *see Yeomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009) (upholding a district court's denial of a plaintiff's motion to substitute JPMorgan Chase Bank, N.A. as a party for the FDIC because the FDIC is the party liable for WaMu's alleged misconduct under the Agreement).

Plaintiff's Complaint seeks money damages in connection with the origination of the Loan. Reviewing the Agreement, the Court agrees with Defendant that it is not the proper party defendant with respect to Plaintiff's claim for money damages arising out of the origination of the loans. Further, Plaintiff himself concedes that the portions of his Complaint that seek monetary relief do not apply to Defendant because he states "[o]nly a portion of [his] Complaint is for monetary relief . . . . Therefore, [Defendant] is the proper party as [the Agreement] does not apply to Plaintiff's request for equitable relief." Pl.'s Resp., at 3.

The Court concludes that Defendant did not assume any liability for WaMu's alleged misconduct in connection with Plaintiff's loans by purchase of some of WaMu's loans from the FDIC. As such, Defendant's Motion to Dismiss is granted with respect to Plaintiff's monetary damages arising out of the origination of his loans.

**B. COUNT I: QUIET TITLE CLAIM**

In Count I of his Complaint, Plaintiff seeks to set aside Defendant's lien on the Property—evidenced by the recorded Senior and Junior Mortgages on the Property. Under Michigan law, to state a claim for quiet title, a plaintiff must prove he or she has title to a property that is superior to the title claims of all other persons with an interest in the property. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co. Rd. Comm'n*, 236 Mich. App. 546, 550 (1999). If the plaintiff establishes a right of title, then the burden shifts to the defendant, which must establish title superior to the plaintiff. *Id.*

Defendant argues that Plaintiff has not established title that is superior to it, and thus, Count I of the Complaint fails to state a claim for relief. Plaintiff responds that he has alleged a right of

title superior to Defendant in paragraph 2 of his Complaint. Paragraph 2 of his Complaint states "[Plaintiff is] the owner of property located . . . [at] 2855 Chadwick Drive, Waterford, Michigan 48328 . . . ." The Court finds that Plaintiff's conclusory allegation fails to establish a superior right to title. The facts show that the Property was encumbered by the Senior and Junior Mortgages previously given by Plaintiff to WaMu, which were then assigned to Defendant. Although Defendant has not foreclosed, Plaintiff has defaulted on the Loans, and Defendant has the right, pursuant to the Senior and Junior Mortgages, to proceed with foreclosure. Therefore, Plaintiff fails to allege a plausible quiet title claim. *See Johns v. Dover*, No. 2007-080637-CH, 2010 WL 2696656, at *1 (Mich. Ct. App. July 8, 2010) (holding that Chase proved superior right to title by providing the lower court with a copy of a mortgage to the property that Chase was granted by the homeowners) (unpublished). As such, Defendant's Motion to Dismiss is granted with respect to Plaintiff's Count I.

### C. COUNT II: HOEPA AND TILA CLAIM

The Home Ownership Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA") is an amendment to the Truth In Lending Act ("TILA"). As such, a claim for damages under HOEPA, like a claim for damages under TILA, is governed by TILA's one-year statute of limitations. *See* 15 U.S.C. § 1640(e). Under § 1640(e), "[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). However, pursuant to 15 U.S.C. § 1635, the borrower has a continuing right of rescission that expires "three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). To state a claim for rescission, the borrower must establish that the lender failed to (1) inform the borrower of his or her right to rescind

the transaction or (2) make other disclosures required under TILA. *Rudisell v. Fifth Third Bank*, 622 F.2d 243, 251 (6th Cir. 1980).

Defendant argues that: (a) Plaintiff's claim under HOEPA and TILA fails to state a claim, and (b) Plaintiff's claim is also time-barred under TILA's one-year statute of limitations. In response, Plaintiff avers that: (a) he has alleged a claim under TILA sufficient to survive a 12(b)(6) motion, and (b) the one-year statute of limitations under HOEPA and TILA should be tolled.

To the extent that Plaintiff asserts a claim for damages under HOEPA and TILA, the one-year statue of limitations under § 1640(e) applies, and Plaintiff's claim for damages are barred. Plaintiff filed this case—November 16, 2009—more than two years after the closing date—January, 19, 2007—stated on the First and Second Mortgages. Further, with respect to this Court's equitable power to toll the one-year statute of limitations under TILA, as Plaintiff requests, "equitable tolling based on fraudulent concealment is to be narrowly applied." *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1336 (6th Cir. 1995) (citation omitted). In such cases, a plaintiff must establish that: "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992) (citations omitted).

The Court finds that equitable tolling is not applicable in this action because Plaintiff has failed to make any allegations that Defendant attempted to conceal any fraudulent conduct that occurred during the loan process. Plaintiff only alleges that equitable tolling applies because WaMu failed to "reveal all material terms of the note and mortgage" and "to make material disclosures to Plaintiff." This alleged conduct fails to show affirmative acts by Defendant to conceal the material terms of Plaintiff's Loans or that by Plaintiff's due diligence, he was unable to discover the HOEPA

8

or TILA violations within the applicable one-year statute of limitations. Therefore, Plaintiff's claims for damages under HOEPA and TILA are barred by the one-year statute of limitations, and Plaintiff fails to establish any basis for equitable tolling.

Although neither party addresses the three-year statute of limitations when a claim for rescission has been plead, after the Court's review of the Complaint, Plaintiff clearly seeks to rescind the mortgages on the Property. Thus, the three-year statute of limitations under § 1635 applies to his claim for rescission. Plaintiff's Senior and Junior Mortgages state that the agreements were entered into on January 19, 2007. Plaintiff filed this case on November 16, 2009. As such, Plaintiff's right to rescission under TILA is within the applicable three-year statute of limitations under § 1635. Nonetheless, the Court finds that Plaintiff's conclusory allegations in his Complaint that "WaMu failed to properly disclose all of the terms and conditions of the mortgage and failed to properly disclose, the terms of the loam/mortgage [sic] and the Truth-In-Lending Statement to Plaintiff" fails to state a plausible claim for recission. Plaintiff does not allege: (1) that WaMu failed to disclose Plaintiff's right to rescind the loans; (2) how the TILA disclosures that he received were inaccurate; or (3) how these disclosures vary from the actual terms of the loans, which he signed. Accordingly, Defendant's Motion to Dismiss is granted with respect to Plaintiff's Count II.[5]

### V.  CONCLUSION

Accordingly, and for the reasons stated above, IT IS HEREBY ORDERED that Defendant's

---

[5] The Court need not address Defendant's argument that the Complaint should be dismissed due to Plaintiff's own fraud in obtaining the Loans due to the Court's determination that Plaintiff's Complaint is dismissed on other grounds.

9

Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(c) [dkt 11] is GRANTED.

    IT IS SO ORDERED.

                              S/Lawrence P. Zatkoff
                              LAWRENCE P. ZATKOFF
                              UNITED STATES DISTRICT JUDGE

                        Dated:  March 23, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 23, 2011.

                              S/Marie E. Verlinde
                              Case Manager
                              (810) 984-3290